# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **SCOTT EIZEMBER,** | § | Civil No. 5:23-cv-00025-PRW |
| | § | |
| **JEFFREY K. HOOD,** | § | |
| | § | **THIS IS A CAPITAL** |
| Plaintiffs, | § | **CASE.** |
| | § | |
| vs. | § | Mr. Eizember is scheduled to |
| | § | be executed on |
| **STEVEN HARPE,** Director, Oklahoma | § | **THURSDAY, JANUARY 12,** |
| Department of Corrections, | § | **2023.** |
| | § | |
| **JIM FARRIS,** Warden, Oklahoma State | § | |
| Penitentiary, | § | |
| | § | |
| **JUSTIN FARRIS**, Chief of Operations, | § | |
| Oklahoma Department of Corrections, | § | |
| | § | |
| Defendants. | § | |

## APPLICATION FOR TEMPORARY
## AND PERMANENT INJUNCTIVE RELIEF

Randall T. Coyne*
Attorney at Law
MBA # 549013
300 Timberdell Road
Norman, Oklahoma 73019
(405) 834-9317 (telephone)
(405) 609-1973 (facsimile)
rcoyne@ou.edu

Gregory W. Gardner**
Attorney at Law
P.O. Box 2366
Boulder, Colorado 80306
(202) 553-1651 (telephone)
gardnerlegal@gmail.com

*Counsel of Record
**Pro Hac Vice Forthcoming

COMES NOW Plaintiffs Scott Eizember and the Reverend Doctor Jeffrey K. Hood, by and through counsel, Randall T. Coyne and Gregory W. Gardner, and move this Honorable Court to issue a preliminary and permanent injunction preventing the DOC from executing Plaintiffs Eizember and Hood until Dr. Hood is allowed to pray with Mr. Eizember in his execution chamber. In support of this Application, the Plaintiffs state the following:

1. Mr. Eizember and Dr. Hood initiated this action on Monday, January 9, 2023. They filed a Complaint under 42 U.S.C. § 1983, challenging the Defendants' State action precluding Dr. Hood from Mr. Eizember's execution chamber violates their religious liberty under the First Amendment Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc et seq.

2. Plaintiffs are not dilatory bring this action because Plaintiffs took their action last week, and Mr. Eizember filed a grievance on or about Wednesday, January 4, 2023. Plaintiffs filed the instant action approximately three days afterward.

3. This lawsuit will likely be fact intensive. The Defendants likely will seek to preclude Dr. Hood based on facts from the practice of his religion in his past. The parties and this Court will need to parse through those complex facts to advocate for and reach the just decision.

4. Because it is fact intensive, it cannot be done on a truncated schedule effectively. Accordingly, an injunction is necessary to allow the litigation to proceed before Mr. Eizember's scheduled execution date, Thursday, January 12, 2023.

5. The Supreme Court has established a standard for issuing injunctions in civil proceedings. First, the applicants must show they are likely to succeed on the merits. *Winter v. National Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). Second, they must show irreparable harm if the injunction is not granted. *Ibid*. Third, they must show the balance of the equities tip in their favor, and finally, the public interest supports the injunction. *Ibid*.

6. Here, Mr. Eizember and Dr. Hood are likely to succeed on the merits. To prove this prong, the Plaintiffs incorporate by reference and re-allege their Complaint. Additionally, the Supreme Court has decided a series of cases that touch on the issue at bar. These cases essentially say that religious liberty applies in the execution chamber and that it requires the condemned's personal clergy in that chamber performing reasonable religious rites. *See Ramirez v. Collier*, 142 S.Ct. 1264, 1277-78 (2022); *Dunn v. Smith*, 141 S.Ct. 725 (2021). Mr. Eizember and Dr. Hood only want Dr. Hood to be present in the execution chamber with Mr. Eizember, to pray and be present

when he dies. Based on Supreme Court precedent, religious liberty requires this much.

7. The Plaintiffs can easily show a likelihood of irreparable harm. Mr. Eizember will be executed on Thursday, January 12, 2023. He will die. Nothing is more irreparable than that.

8. The Plaintiffs also can show that equities tip in their favor. Courts must balance the impact of an injunction on the parties. Essentially, Mr. Eizember will die if he is executed. Dr. Hood and Mr. Ezimber will never be able to vindicate their religious liberty rights in that circumstance. This concern outweighs the Defendants' interest in finality while violating the Plaintiffs' rights. Mr. Eizember and Dr. Hood are not asking for Mr. Eizember's death sentence to be vacated; Mr. Eizember will be executed. The Defendants will achieve finality. The Plaintiffs simply want their religious liberty protected during that execution, whenever it occurs.

9. Finally, the public interest dictates that the Defendants be enjoined from executing Mr. Eizember. The public has an interest in protecting religious liberty as it does with other Constitutional provisions and statutes. The public will not, as discussed above, be deprived of Mr. Eizember's execution. The execution will only be delayed. Nothing in the Plaintiffs' position upsets the public interest.

- 4 -

10. Indeed, the Defendants could end this litigation at any moment. If Dr. Hood is allowed into Mr. Eizember's execution chamber, allowed to pray and be present, there would be nothing to litigate.

For these reasons, the Plaintiffs are entitled to injunctive relief. They ask this Honorable Court to issue an injunction until the Defendants allow Plaintiff Hood into the execution chamber to pray during Plaintiff Eizember's execution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Scott Eizember and the Reverend Doctor Jeffrey

K. Hood prays that this Honorable Court provide relief as follows:

1. A preliminary and permanent injunction prohibiting the Defendants from

   executing Mr. Eizember until they can do so in a way that does not violate

   his rights; and

2. A preliminary and permanent injunction prohibiting the Defendants from

   executing Mr. Eizember until they allow Dr. Hood into the execution

   chamber to pray during Mr. Eizember's execution.

Respectfully submitted,

/s/ Randall T. Coyne                    /s/ Gregory W Gardner
Randall T. Coyne*                       Gregory W. Gardner**
Attorney at Law                         Attorney at Law
MBA # 549013                            P.O. Box 2366
300 Timberdell Road                     Boulder, Colorado 80306
Norman, Oklahoma 73019                  (202) 553-1651 (telephone)
(405) 834-9317 (telephone)              gardnerlegal@gmail.com
(405) 609-1973 (facsimile)
rcoyne@ou.edu

*Counsel of Record
**Pro Hac Vice Forthcoming

## Certificate of Service

I hereby certify that on January 10, 2023, I electronically filed the foregoing

Motion using the CM/ECF system, which will send notification of such filing to the following email address:

fuc.docket@oag.state.ok.us

and I hereby certify that I mailed or served a copy of this Motion to:

Scott James Eizember, DOC 497824
Oklahoma State Penitentiary
P.O. Box 97
McAlester, OK 74502


                                                  /s/ Randall T. Coyne
                                                  Randall T. Coyne

Attorney for Mr. Eizember